IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| TARAS POLEVYI, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-707-KC |
| § | |
| WARDEN, EL PASO PROCESSING § | |
| CENTER et al., § | |
| § | |
| Respondents. § | |

## SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT

On this day, the Court considered Taras Polevyi's Petition for a Writ of Habeas Corpus, ECF No. 1. Polevyi is detained at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 1–21; *id.* at 4. He also asks that Respondents be prevented from transferring him outside of the Western District of Texas while this matter is pending. *Id.* at 4.

Polevyi was previously paroled unto the United States under the Ukrainian Humanitarian Parole program. *Id.* ¶¶ 3, 6, 7. His parole is valid through October 30, 2026. *Id.* ¶¶ 3, 7. He was charged with a crime in Florida in July 2025, but "[t]he State concluded the facts did not warrant prosecution" and "the State Attorney filed 'No Information.'" *Id.* ¶¶ 9–10. At some point, Polevyi was arrested by immigration authorities and detained. *See id.* ¶ 1. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this

Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Polevyi's case warrant a different outcome.

As for Polevyi's request that this Court "[o]rder immediate release from detention pending resolution of the habeas petition," *id.* at 4, even crediting his likelihood of success on the merits of his Petition, the Court cannot issue the ultimate relief requested until Respondents have an opportunity to respond. *See Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted).

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than March 19, 2026**</u>, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Polevyi from the United States, or (2) transfer Polevyi to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

SIGNED this 12th day of March, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE